UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SHARON M. THOUROT,                :

    Plaintiff,                   :    CIVIL ACTION NO. 3:14-1779

    v.                                :             (JUDGE MANNION)

MONROE CAREER &                   :
TECHNICAL INSTITUTE, et al.,
                                      :
    Defendants,
                                      :

## MEMORANDUM

Pending before the court is the report and recommendation of Judge Joseph F. Saporito, Jr., (Doc. 21), recommending: 1) that the defendants' motion to dismiss the *pro se* plaintiff's complaint, (Doc. 7), be granted on the basis that it fails to conform with Fed.R.Civ.P. 10(b), and that the plaintiff be given an opportunity to amend the complaint; and 2) that the plaintiff's motion to appoint counsel (Doc. 20) be denied without prejudice. No objections to the report were filed, but the plaintiff filed an amended complaint. (Doc. 22). Subsequently, the defendants filed a motion to dismiss the plaintiff's amended complaint. (Doc. 25). In light of the plaintiff's amendment of the complaint, and for the reasons discussed below, the report will be **ADOPTED** in part, and **DISMISSED** in part as moot, and the case will be **REMANDED** to Judge

Saporito for further pretrial proceedings.

## I. PROCEDURAL HISTORY

On September 12, 2014, the *pro se* plaintiff commenced this employment discrimination action by filing the complaint. (Doc. 1). On December 16, 2014, the defendants filed a motion to dismiss the complaint, (Doc. 7), and a supporting brief, (Doc. 8). On December 30, 2014, the plaintiff filed a brief in opposition to the defendants' motion to dismiss. (Doc. 10). On the same date, the plaintiff filed a letter-motion for leave to amend the complaint. (Doc. 9). On January 13, 2015, the defendants filed a reply brief to plaintiff's opposition to defendants' motion to dismiss. (Doc. 13). On the same date, the defendants filed a brief in opposition to plaintiff's request for leave to amend the complaint. (Doc. 12). On January 26, 2015, the plaintiff filed a sur-reply brief regarding defendants' motion to dismiss. (Doc. 15). On the same date, the plaintiff filed a reply brief, along with proposed amendments to the complaint and several exhibits, to defendants' opposition to the motion for leave to amend the complaint. (Doc. 16).

On April 9, 2015, Judge Saporito denied the plaintiff's request for leave to amend the complaint without prejudice. (Doc. 17). On April 27, 2015, the

plaintiff filed a letter-motion requesting an extension of time to re-submit a motion for leave to amend the complaint. (Doc. 18). On May 5, 2015, Judge Saporito deemed the plaintiff's motion moot. (Doc. 19).

On July 17, 2015, the plaintiff filed a letter-motion requesting appointment of counsel. (Doc. 20). On August 27, 2015, Judge Saporito issued a report and recommendation, recommending that the defendants' motion to dismiss be granted without prejudice and the plaintiff's motion to appoint counsel be denied. (Doc. 21). On September 10, 2015, the plaintiff filed an amended complaint. (Doc. 22). On September 22, 2015, the defendants filed a motion to dismiss the plaintiff's amended complaint and represented that a supporting brief would be forthcoming. (Doc. 25).

## II. STANDARDS OF REVIEW

### A. Review of Report & Recommendation

When no objection is made to the report and recommendation of a magistrate judge, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; see also

Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

### B. Amendment of Complaint

Rule 15(a)(1) provides that a party may amend its pleading once as a matter of course within "21 days after serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." If any of these conditions are not met, a party is permitted to amend the complaint only with the opposing party's written consent or with the court's permission. Fed.R.Civ.P. 15(a)(2). Further, the rule states, "The court should freely give leave when justice so requires." Id.

According to the Third Circuit, "prejudice to the non-moving party is the touchstone for the denial of an amendment." Cornell & Co. v. Occupational

Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978). The determination of whether a suit can proceed on the amended complaint lies within the sound discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962).

### C. Appointment of Counsel

It is well established that indigent litigants have no constitutional or statutory right to appointed counsel in a civil case. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citing Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)). However, Congress has afforded the trial court with the discretion to appoint counsel in cases brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000c, *et seq.* ("Title VII"). 42 U.S.C. § 2000e-5(f)(1); Poindexter v. F.B.I., 737 F.2d 1173, 1179 (D.C. Cir. 1984). As stated in the report, the court is to consider the following non-exclusive list of factors in determining whether to appoint counsel in Title VII suits: "(1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel." Ficken v. Alvarez, 146 F.3d 978, 979–80 (D.C. Cir. 1998) (quoting Poindexter, 737 F.2d at 1185);

5

see also Mentor v. Hillside Bd. of Educ., 428 F. App'x 221, 223-24 (3d Cir. 2011) (referencing Ficken for the applicable test in ruling on a motion for counsel under §2000e–5(f)(1)).

## III. DISCUSSION

### A. Amendment of Complaint

Following full briefing of the defendant's motion to dismiss the complaint and the issuance of the report and recommendation, the plaintiff filed an amended complaint without the defendants' consent or the court's permission. "In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval." 6 Wright & Miller, Fed. Prac. & Proc. Civ. §1484 (3d ed.). Some courts have nevertheless overlooked the plaintiff's failure to seek the court's leave and deemed the amended complaint as properly introduced. See, e.g., Straub v. Desa Indus., Inc., 88 F.R.D. 6 (M.D. Pa. 1980).

Prejudice to the nonmoving party is the key consideration in a motion for leave to amend a complaint. Cornell, 573 F.2d at 823. Here, the case is

at an early stage and has not proceeded to discovery. The defendants will have an opportunity to present facts or evidence in their defense if the case proceeds further. Thus, the defendants will not be prejudiced by the amendment.

Further, while *pro se* litigants, like represented parties, must adhere to the court's procedural rules, a certain degree of latitude should be given to *pro se* litigants when it comes to technical rules of pleading and procedure. See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). This is in keeping with the liberal amendment policies behind Rule 15(a), which is meant to "ensure that a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). In this case, the plaintiff made multiple prior attempts to amend the complaint, which were mostly denied on technical grounds.[1] In the

---

[1] Although the plaintiff filed a letter-motion to amend the complaint, (Doc. 9), the plaintiff would have been entitled to amend the complaint as a matter of course pursuant to Rule 15(a)(1)(B) because it was filed within the 21-day period following the motion to dismiss filed by defendants under Rule 12(b)(6). However, as Judge Saporito found, the plaintiff failed to provide the complete proposed amended complaint in accordance with Local Rule 15.1 He denied the plaintiff's request for leave to amend the complaint on this basis, as well as on the basis that the materials that the plaintiff did provide were too ambiguous and insufficient to identify the proposed amendments. (Doc. 17). Additionally, he deemed the plaintiff's motion requesting an extension of time to re-submit a motion for leave to amend the complaint, (Doc. 18), as moot on

interests of justice and of judicial economy, the court will permit plaintiff's amendment of the complaint as recommended by Judge Saporito. Therefore, the defendants' motion to dismiss the original complaint, (Doc. 7), will be dismissed without prejudice, as moot, thereby rendering consideration of the report's recommendation on the motion moot as well.

The inquiry does not end here, however. While the plaintiff attempted to remedy any deficiencies as described in the report, in doing so, the plaintiff omitted certain necessary allegations. Reviewing the complaint solely for technical defects, the plaintiff failed to allege an adequate basis for the court's jurisdiction. Under Fed.R.Civ.P. 8(a)(1), the pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." In order to hear a claim, the court needs subject-matter jurisdiction over the case, and one of the ways a federal court can obtain subject-matter jurisdiction is under federal question jurisdiction. A plaintiff can bring a claim in federal court if it arises under federal law. See 28 U.S.C. §1331.

For some reason not immediately apparent, in the amended complaint, the plaintiff omitted the allegation from the original complaint that she is

---

the grounds that the plaintiff was free to file a renewed motion for leave to amend the complaint. (Doc. 19).

8

bringing suit under Title VII, which is federal law. See Doc. 1 at ¶ 1. In the amended complaint, the plaintiff averred that she is bringing suit solely under the Pennsylvania Human Relations Act, 43 Pa.C.S. 951, *et seq.* ("PHRA"), which is state law. (Doc. 22 at ¶ 1). The court will therefore dismiss the amended complaint without prejudice for failure to plead an adequate basis of jurisdiction under Fed.R.Civ.P. 8(a)(1), and directs the plaintiff to file a second amended complaint. As discussed above, the court has jurisdiction over an action arising under Title VII. If the plaintiff wishes to continue pursuing claims under the PHRA, in conjunction with the Title VII claims, the plaintiff should state so.

In addition, the plaintiff failed to include allegations that she satisfied certain conditions precedent in compliance with Fed.R.Civ.P. 9(c).[2] A plaintiff seeking relief under Title VII must exhaust administrative remedies. Slingland v. Donahoe, 542 Fed. App'x. 189, 191 (3d Cir. 2013). The Pennsylvania Human Relations Act also requires exhaustion of administrative remedies. Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 471 (3d Cir. 2001). Therefore, the Third Circuit has stated: "A complaint does not state a

---

[2] Rule 9(c) provides, in relevant part: "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."

9

claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC (or a state conciliation agency) for conciliation or resolution." Hornsby v. U.S. Postal Serv., 787 F.2d 87, 90 (3d Cir. 1986). Pursuant to a worksharing agreement between the Pennsylvania Human Relations Commission ("PHRC") and the U.S. Equal Employment Opportunity Commission ("EEOC"), a charge filed with the PHRC is deemed filed with the EEOC. See Wertz v. GEA Heat Exchangers Inc., No. 1:14-CV-01991, 2015 WL 3581227, at *2 (M.D. Pa. June 5, 2015) ("The agreement includes provisions whereby the EEOC and PHRC designate each other as agents for the receipt of charges and complaints"). Further, a complainant may not bring a Title VII suit without first receiving a right-to-sue letter from the EEOC, since the letter is an indication that the plaintiff has exhausted administrative remedies. Mach Mining, LLC v. E.E.O.C., 135 S. Ct. 1645, 1651 (2015); Burgh, 251 F.3d at 470.

In the amended complaint, the plaintiff omitted the allegation from the original complaint that she filed a claim with the PHRC. See Doc. 1 at ¶ 3 ("I filed charges through PHRC against my former employer, Monroe Career & Technical Institute located in Bartonsville Pa. On Jule 19, 2014, I received a

10

Letter of Determination stating that the case was absolved due to lack of sufficient evidence."). The court will therefore dismiss the amended complaint without prejudice for failure to plead conditions precedent under Fed.R.Civ.P. 9(c). The court will grant plaintiff one last leave to file a second amended complaint to restore the above allegation, which is sufficient to demonstrate exhaustion of administrative remedies under Title VII for purposes of stating a claim upon which relief may be granted, given that the record reflects that the plaintiff has obtained a right-to-sue letter from the EEOC. See Doc. 14 at 15. Accordingly, the defendant's motion to dismiss the plaintiff's amended complaint (Doc. 25) is also dismissed without prejudice as moot. The complete second amended complaint must be consistent with the instructions below.

### B. Appointment of Counsel

Applying the standards set forth above to the plaintiff's motion to appoint counsel, as Judge Saporito found, the plaintiff does not assert that she is unable to afford an attorney. This factor alone is all but dispositive, given Congress' principal intent in including the appointment provision in Title VII. See Poindexter, 737 F.2d at 1186 ("the appointment provision is primarily

intended to protect plaintiffs with limited economic means"). Judge Saporito additionally noted that the plaintiff was represented by counsel at one point in time. (Doc. 21 at 19). The plaintiff, however, has not described any subsequent efforts to secure counsel. Moreover, the court notes that the plaintiff has obtained a Master's Degree in Education and a certification in Special Education, and she has been employed as a teacher for two years. (Doc. 24 at ¶ 11). The plaintiff has an extensive educational background to assist her in litigating her claims. The court agrees with the Judge Saporito's recommendation that an appointed attorney is not warranted. As such, the recommendation regarding the plaintiff's motion to appoint counsel is adopted, and the motion to appoint to counsel (Doc. 20) is denied.

## IV. Conclusion

Notwithstanding plaintiff's attempted unilateral amendment to the complaint, in the interests of justice and of judicial economy, the court deems the complaint superseded by the amended complaint. As such, the defendants' motion to dismiss the complaint, (Doc. 7), is dismissed without

prejudice as moot, thereby rendering consideration of the report's recommendation on the motion to dismiss moot as well.

Finding technical deficiencies with the amended complaint, namely failure to plead the basis for the court's jurisdiction pursuant to Fed.R.Civ.P. 8(a)(1) and failure to plead conditions precedent pursuant to Fed.R.Civ.P. 9(c), the court also dismisses the amended complaint without prejudice. Therefore, the defendant's motion to dismiss the plaintiff's amended complaint, (Doc. 25), is dismissed without prejudice as moot. The court grants plaintiff leave to file one last second amended complaint to cure the above defects and to file a complete pleading consistent with the instructions below:

1. The plaintiff shall have until **November 13, 2015** to file a second amended complaint.

2. The plaintiff's second amended complaint shall contain a short and plain statement of the claim for relief and a demand for specific judgment.

3. The plaintiff's second amended complaint shall be complete, in and of itself, without reference to any prior filings.

4. In accordance with Fed.R.Civ.P. 8(a)(1), the plaintiff's second amended complaint shall set forth a short and plain statement of the grounds upon which the court's jurisdiction depends.

5. In accordance with Fed.R.Civ.P. 8(d), each allegation of the plaintiff's second amended complaint shall be simple, concise and direct.

6. In accordance with Fed.R.Civ.P. 9(c), the plaintiff's second amended complaint shall set forth conditions precedent, including prior submission of the plaintiff's claim to the PHRC and the EEOC.

7. In accordance with Fed.R.Civ.P. 10(b), the plaintiff's second amended complaint shall be divided into separate, numbered paragraphs, the contents of each of which shall be limited, as far as practicable, to a statement of a single set of circumstances.

8. Should the plaintiff fail to file a second amended complaint within the required time period, or fail to follow the above mentioned procedures, the court will dismiss this action.

The case will be remanded to Judge Saporito for further pretrial proceedings. An appropriate order shall issue.

s/ Malachy E. Mannion

**MALACHY E. MANNION**

**United States District Judge**

**Date: October 13, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1779-01.wpd

14