# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHARON M. THOUROT,** | : | |
| | | **CIVIL ACTION NO. 3:14-1779** |
| | : | |
| **Plaintiff,** | | |
| | : | |
| **v.** | | **(MANNION, D.J.)** |
| | : | **(SAPORITO, M.J.)** |
| **MONROE CAREER & TECHNICAL INSTITUTE, THOMAS J. RUSHTON, and TANYA CARMELLA-BEERS,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

On September 12, 2014, the plaintiff, Sharon M. Thourot ("Thourot"), filed a *pro se* complaint alleging that the defendants, Monroe Career & Technical Institute ("MCTI"), Thomas J. Rushton ("Rushton"), and Tanya Carmella-Beers ("Beers") discriminated against her on the basis of her sex, age, and religion and retaliated against her for making internal discrimination complaints to her employer MCTI. Thourot was an instructional assistant at MCTI, a public vocational school in Monroe County, Pennsylvania. Following her initial complaint, the plaintiff was permitted to amend her complaint twice in order to conform her pleading to the Federal Rules of Civil Procedure and Local Rules. Currently at issue is the plaintiff's second amended complaint which alleges that the defendants discriminated and retaliated against her on the basis of her sex alone, (Doc. 30). These claims were made pursuant to

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. §951 *et seq.*

The defendants now seek to dismiss the plaintiff's current complaint as amended, (*See* Doc. 32). The defendants seek dismissal on several grounds. They seek dismissal pursuant to Federal Rule of Civil Procedure 12(B)(6), alleging that the plaintiff has failed to state a claim for discrimination or retaliation and failed to state valid claims against the defendants Rushton and Beers. They also seek dismissal based on the plaintiff's failure to follow this court's October 13, 2015 Order, (Doc. 28), which provided her with instructions on how to amend her complaint to conform to the pleading rules.[1]

Also before the court is the September 8, 2016 Report and Recommendation of Judge Saporito, (Doc. 37). Judge Saporito recommends that the defendants' motion be denied to the extent that it seeks dismissal based on the plaintiff's failure to follow procedures set by court order and denied to the extent that it seeks dismissal of claims against MCTI. Judge Saporito also recommends that all claims against defendants Rushton and

---

[1] The defendants also seek dismissal of the plaintiff's request for punitive relief and request that a statutory cap be placed on plaintiff's demands for money judgment. The defendants did not brief this issue. Thus, Judge Saporito did not address it, nor will this court. As the court will dismiss the claims against defendants Rushton and Beers, the issue is moot as it relates to them. As it relates to MCTI, further discovery will ultimately clarify any issues relating to damages.

Beers be dismissed. On September 19, 2016, the plaintiff filed objections to Judge Saporito's recommendation that the claims against Rushton and Beers be dismissed, (Doc. 38). On October 3, 2016 the defendants filed a brief in opposition to the plaintiff's objections, (Doc. 41), and the matter is now ripe for review. Based on the following discussion, Judge Saporito's report will be **ADOPTED IN ITS ENTIRETY** and the defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.      STANDARDS OF REVIEW

### A. Objections to a Report and Recommendation

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review those portions of the report to which objections are made *de novo.* 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). The extent of review, however, is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the

3

recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)) (explaining that judges should give some review to every report and recommendation). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.3.

### B. Motion to Dismiss

The defendants' motion to dismiss is brought, in part, pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. In reviewing such a motion, the court must "accept all factual allegations as true, construe the [c]omplaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the [c]omplaint, the plaintiff may be entitled to relief." *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012) (internal quotation marks and citation omitted). It is the moving party that bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

4

Dismissal on Rule 12(b)(6) grounds is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Id.* at 555. The plaintiff must be able to "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*[2]

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). "Dismissal

---

[2] The court may rely on the complaint, attached exhibits, and matters of public record in making a determination. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (quoting 62 Fed. Proc., L.Ed. §62:508).

without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## II.    DISCUSSION[3]

The court agrees with and adopts Judge Saporito's conclusions, although the court liberally construes the plaintiff's amended complaint to include claims under Title VII and the PHRA.[4] The plaintiff has pled sufficient facts alleging discrimination and retaliation to withstand a motion to dismiss. Her amended complaint, though inartfully pleaded, attempts to substantially comply with this court's October 14, 2015 Order, making dismissal with prejudice inappropriate on that ground. The court also agrees that the claims against defendants Beers and Rushton must be dismissed for reasons discussed further below.

### A. The Plaintiff's Second Amended Complaint

Although Judge Saporito briefly reviewed the plaintiff's claims in his report, the court will further clarify and construe the plaintiff's pleading so as

---

[3] The procedural history and factual background of this case are fully provided in Judge Saporito's report and will not be repeated herein. The court's construction of the plaintiff's amended complaint is primarily to provide clarity to the parties moving forward.

[4] Judge Saporito found that all of the plaintiff's claims arose under Title VII. As discussed further herein, construing the plaintiff's complaint liberally, the court finds that the plaintiff's claims also arise under the PHRA.

to provide guidance to the parties moving forward. All pleadings must be construed so "as to do justice." Fed. R. Civ. P. 8(e). *Pro se* pleadings, in particular, must be "construed liberally." *Alston*, 363 F.3d at 234. The policy requiring courts to construe *pro se* pleadings liberally is "driven by the understanding that [i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)) (alteration in original).

Within her second amended complaint, the plaintiff states that her claims arise under Title VII in a section entitled "Statement of the Claim," (Doc. 30, at ¶9). However, it is undisputed that the plaintiff's administrative complaint was first made with the Pennsylvania Human Relations Commission ("PHRC") responsible for handling both Title VII and PHRA claims in Pennsylvania, (*See* Doc. 30-1, at Ex. A). In addition, in several instances the plaintiff references the PHRC, the PHRA, and "State Law" specifically as a basis for her claims, (Id. at ¶¶10–11, 33, 43, 61). Though inartfully pleaded,

it is clear that the plaintiff intended her claims to arise under both the federal and state anti-discrimination laws.[5]

Count I entitled "Removed from Duties; Sex Discrimination" alleges that the plaintiff was discriminated against on the basis of her sex. This claim is based on the defendants requirement that the plaintiff take an administrative paid leave following her internal complaints of discrimination to her supervisor at MCTI, defendant Beers, and the director of MCTI, defendant Rushton, (*Id.* at 21–23, 28). It is also based on the defendants requirement that the plaintiff sign a Performance Improvement Plan ("PIP") while her male counterparts were not so required, (Id. ¶¶31–32).[6]

---

[5] In several instances the plaintiff also references the Pennsylvania Fair Educational Opportunities Act ("PFEOA"), 24 Pa. Stat. §§5001–5010, by stating that the defendants actions are made unlawful by "the PHRA or PFEOA," (*See* Doc. 30, at ¶¶33, 43). The court does not construe the plaintiff''s amended complaint to include a PFEOA claim given the usage of the word "or" in the plaintiff's description of her claims. The court also notes for the plaintiff that the PFEOA prohibits discrimination against students, not employees, in order to ensure equal education opportunities. *See* 24 Pa. Stat. §§5002, 5004.

In one instance, the plaintiff also makes reference to "Title IX . . . (Pennsylvania Whistleblower Laws)" as a basis for her retaliation claims, (Doc. 30, at ¶61). It is unclear if the plaintiff intends to reference Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681–1688 or Pennsylvania's Whistleblower Law, 43 Pa. Stat. §§1421–1428. Given the lack of clarity, even under a liberal reading the court cannot construe the plaintiff's amended complaint to include claims under either of these laws.

[6] Count I also makes reference to a hostile work environment, (Doc. 30, at ¶25), but does not set out the basis for a hostile work environment claim under Title VII. The court will not construe the plaintiff's amended complaint

Count II entitled "Removed From Duties Retaliation-Discrimination" sets forth a straightforward claim of retaliation based on the plaintiff's internal discrimination complaints, (Id. ¶33). The plaintiff alleges that the defendants retaliated against her by forcing her to take a paid leave of absence following her complaints and then requiring her to undergo a medical evaluation before returning to work, (*Id.* ¶37–38, 42). The plaintiff's male counterparts were not so required, (*Id.* ¶42).[7]

Count III entitled "Discharge Retaliation – Discrimination" also alleges retaliation. This count is based on the plaintiff's termination after her internal complaints of discrimination, (Doc. ¶48). The plaintiff alleges that her male counterparts who she made complaints about were not terminated, (*Id.*). She also alleges that she was terminated even though she submitted a psychological evaluation allowing her to return to work after her paid leave period, (Doc. ¶51–52). The plaintiff also supports Count III, and perhaps all of

---

to include such a claim given the title of the count ("Removed From Duties; Sex Discrimination") and the lack of detail provided regarding the work environment at issue. In one instance the plaintiff herself states that she "sees no reason to revisit to alleged attacks, assaults, word for word, (sic) as this would be superflous," (Doc. 30, at ¶68), leading the court to believe that the plaintiff did not intend to revisit those allegations in her complaint.

[7] The plaintiff cited to the Pennsylvania Code to support her retaliation claim, further indicating that she intended her claims to arise under state law, (*Id.* ¶37 (citing 16 Pa. Code §45.11)). The cited provision, however, is inapplicable as it applies to discrimination in housing accommodations. *See* 16 Pa. Code §45.1.

her claims, by alleging that she was required to sign a PIP without being provided with a union representative,  (*Id.* ¶53).

In a section entitled "Restitution For Relief" the plaintiff makes a laundry list of demands for relief. This list includes a public apology, restitution for lost wages, lost tuition reimbursement, punitive damages, compensatory damages, relief against sanctions, along with many other demands.[8]

## B. The Plaintiff's Discrimination and Retaliation Claims

There is no clear error in Judge Saporito's conclusion that the plaintiff's discrimination and retaliation claims are sufficient to withstand the defendants' motion to dismiss under Rule 12(b)(6) and his recommendations are adopted in full. As more fully explained in Judge Saporito's report, the *prima facie* case for sex discrimination is governed by the framework provided in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973).[9] This requires that the

---

[8] In her relief section, the plaintiff also states that the "[d]efendants' are (sic) also being sued for charges including retaliation, negligence, removed from duties and wrongful termination[,] and for preventing the plaintiff from seeking union counsel for grievances," (Doc. 31, at ¶58). The plaintiff's amended complaint is construed liberally to include claims under Title VII and the PHRA alone. It will not be construed so liberally as to include claims referenced once, located in the relief section, not separated in a count, and lacking any further explanation or detail. This is especially true in light of this court's October 13, 2015 Order, (Doc. 27), explaining to the plaintiff that she must set forth "each allegation" in a simple, concise, and direct manner.

[9] The court does not distinguish between the plaintiff's Title VII and PHRA claims because "the same standards govern each." *McNeill v. Greyhound Lines, Inc.*, 628 F. App'x 101, 103 n. 1 (3d Cir. 2015) (citing *Jones*

plaintiff show that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action; and (4) the adverse employment action gives rise to an inference of discrimination. *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410–11 (3d Cir. 1999). Similarly, the *prima facie* case for retaliation requires that the plaintiff show that: (1) she engaged in protected activity; (2) the employer took an adverse employment action following that activity; and (3) there is a causal connection between the participation in the protected activity and the adverse employment action. *Moore v. City of Philadelphia*, 461 F.3d 331, 340–41 (2d Cir. 2006).

In seeking to dismiss Counts I and II of the amended complaint, the defendants primarily argue that requiring an employee to take paid leave is not an adverse employment action sufficient to withstand a motion to dismiss. An adverse employment action in the discrimination context is an action that is "'serious enough to alter the employee's compensation, terms, conditions, or privileges of employment." *Jones v. Southeastern Pa. Trans. Auth.*, 796 F.3d 323, 326 (3d Cir. 2015) (quoting *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004)). An adverse employment action in the retaliation context is much broader and "extends beyond workplace-related or

---

*v. Sch. Dist. of Phila.*, 198 F.3d 403, 409 (3d Cir. 1999)); *see also Jones v. Southeastern Pa. Trans. Auth.*, 796 F.3d 323, 327 (3d Cir. 2015).

employment-related retaliatory acts and harm." *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). The act must, however, be "materially adverse" such that it might "dissuad[e] a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (internal quotations marks omitted); *Moore*, 461 F.3d at 341.

The defendants rely on the recent decision in *Jones v. Southeastern Pennsylvania Transportation Authority* for the proposition that a suspension with pay is not a qualifying adverse employment action under Title VII. In *Jones*, the Third Circuit Court of Appeals did find that "[a] paid suspension pending an investigation of [the] employee's alleged wrongdoing" did not qualify as an adverse employment action. 796 F.3d at 326. The court agreed with findings in other circuits that a paid suspension, "without more," could not be an adverse employment action in the discrimination context. *Id.* at 325–26 (quoting *Joseph v. Leavitt*, 465 F.3d 87, 91 (2d Cir. 2006)). The court explicitly declined to decide whether the same would be true in the retaliation context. *Id.* at 325.

Here, unlike *Jones*, the plaintiff alleges more than just a suspension without pay. She also alleges that she was required to undergo a medical evaluation, in addition to the suspension, while other male employees were not. In addition, she alleges that she was required to sign a PIP without a union representative while others were not. Lastly, unlike *Jones*, the plaintiff's

suspension was not followed by alleged wrongdoing on her part, but possible wrongdoing committed by others that prompted further investigation by MCTI. Put simply, the facts of *Jones* do not align with the facts as provided in the plaintiff's complaint of discrimination. The *Jones* holding also does not apply in the retaliation context. *See id.* at 325. Thus, as further provided in his report, the court agrees with Judge Saporito that the plaintiff has alleged sufficient facts to state a claim for retaliation and discrimination, including the element of an adverse employment action. Therefore, MCTI's motion as it relates to the plaintiff's discrimination and retaliation claims is denied.

### C.   The Plaintiff's Claims Against Rushton and Beers

Judge Saporito also recommends that the court grant the defendants' motion as it relates to claims against defendants Beers and Rushton and recommends that the claims against them be dismissed with prejudice. Judge Saporito relied on the decision in *Sheridan v. E.I. DuPont de Nemours and Company*, 100 F.3d 1061 (3d Cir. 1996) in reaching his conclusion. In *Sheridan*, the Third Circuit held that individual employees cannot be held liable under Title VII. 100 F.3d at 1077. The plaintiff objects to Judge Saporito's finding by explaining that she is suing Beers and Rushton in their official, and not individual, capacity as Director and Supervisor of Pupil

13

Services at MCTI; thus, *Sheridan* is inapplicable.[10] The plaintiff made a similar argument in her reply brief to the defendants' motion. After re-examining the plaintiff's argument, the court finds that it would not change Judge Saporito's ultimate conclusion. Defendants Beers and Rushton may not be sued in their official capacity under Title VII or the PHRA and Judge Saporito's recommendation is adopted in full as it relates to the claims brought against Rushton and Beers.

The Third Circuit has not ruled on the issue of whether or not individual supervisors may be sued in their official capacity under Title VII, though several district courts have addressed the issue directly. *Sheridan* is important to the court's analysis but not dispositive of the issue raised because it prohibits individual capacity suits, not official capacity suits explicitly. However, the court agrees with the large majority of courts in this circuit holding that official capacity suits are not available under Title VII where the employer is named as a defendant.

Title VII prohibits employers from engaging in discriminatory practices based upon an individual's sex. 42 U.S.C. §2000e-2(a). An "employer" is defined as "a person engaged in an industry affecting commerce who has

---

[10] Though it is not indicated in the plaintiff's caption, the plaintiff's second amended complaint does describe Rushton and Beers as acting in their official capacity, indicating that suit was intended to be brought against them in their official capacity, (*See* Doc. 30, at ¶3).

fifteen or more employees . . . and any agent of such person." *Id.* §2000e(b). The "agent" provision of Title VII's employer definition has been construed by the Supreme Court in several instances. The Supreme Court has consistently construed the provision as a direction from Congress that Title VII be interpreted "based on agency principles" for purposes of determining liability of the employer. *Pennsylvania State Police v. Suders*, 542 U.S. 129, 144 (2004) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 754 (1998)); *see also Equal Opportunity Employment Comm'n v. Grane Healthcare Co.*, 2 F. Supp. 3d 667, 683 (W.D. Pa. 2014).

Despite the Supreme Court's guidance, much has been made of Congress's inclusion of the phrase "and any such agent" when defining employer. The progeny of the official/individual distinction in the Title VII context can be traced back to pre-*Sheridan* cases allowing Title VII claims to proceed against supervisors in their official capacity as "agents" of the employer. *See Verde v. City of Phila.*, 862 F. Supp. 1329, 1334–35 (E.D. Pa. 1994); *Doe v. William Shapiro, Esquire, P.C.*, 852 F. Supp. 1246, 1252 (E.D. Pa. 1994); *Timmons v. Lutheran Children and Family Serv. of Eastern Pa.*, No. Civ. A. 93–4201, 1993 WL 533399, at *4–5 (E.D. Pa. Dec. 17, 1993). The logic in these early cases reads the definition of employer in Title VII literally to allow suits against supervisors in their official capacity as "agents" of the employer being sued. In some instances, in reaching this conclusion the

courts relied on an interpretation of Title VII allowing suits against individual supervisors, reasoning that was later overturned by *Sheridan. See Doe*, 852 F. Supp. at 1252 ("[C]ourts reason that individual defendants are covered by the statute because they exercise authority conferred upon them by the employer; thus suits . . . should be against them in their official capacities."). The reasoning provided in these cases is not persuasive post-*Sheridan* which explicitly barred claims against supervisors in their individual capacity. Nor does the reasoning align with the Supreme Court's consistent direction to construe the "agent" provision in the definition of employer as a way to determine the liability of the employer.

Dicta provided by the Third Circuit in post-*Sheridan* cases has further confused the individual/official distinction in Title VII cases. *See Koslow v. Commonwealth of Pa.*, 302 F.3d 161, 177 (3d Cir. 2002) ("And for the same reasons that we have allowed Title VII claims to proceed against public officials in their official capacities, an official sued in his official capacity is an 'agent' of the state employer under Title I of the ADA") (citing *In re Montgomery County*, 215 F.3d 367, 372–75 (3d Cir. 2000)); *In re Montgomery County*, 215 F.3d at 372–73 ("Under Title VII, a public official may be held liable in her official capacity only, making the doctrine of qualified immunity, which protects against personal liability, inapplicable"). Neither of these cited

cases were Title VII cases; thus, they are not controlling.[11] The statements made in these cases are also not persuasive on the issue of official capacity suits under Title VII in light of the holding in *Sheridan*.

In *In re Montgomery,* the Third Circuit was deciding whether or not the district court appropriately ruled on a qualified immunity argument when it mistakenly mischaracterized one of the plaintiff's claim as a Title VII claim, instead of a §1981 claim. [215 F.3d at 371–73](). Other courts have agreed that this dicta is unpersuasive in the Title VII context. [*Galm v. Gloucestor County Coll.*, Civ. Action No. 06–3333 (NLH), 2007 WL 2442343, at *2 (D.N.J. Aug. 22, 2007)]() ("Since *Montgomery County* was not a Title VII case it did not, and could not, address . . . whether a Title VII claim seeking damages may proceed against an employee in his or her official capacity."). The statement made in *In re Montgomery* also cited to a case in the Fifth Circuit that characterized an immediate supervisor as an "employer" under Title VII. [*Id.* at 373]() (citing [*Harvey v. Blake*, 913 F.2d 226, 227–28 (5th Cir. 1990)]()). This logic would not apply today, post-*Sheridan*.

*Koslow* also did not deal directly with Title VII claims and, instead, decided whether an employee could seek injunctive relief against a state

---

[11] The court is not bound by prior dicta but "can, of course, accord dicta as much weight as [it] deem[s] appropriate." [*Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 274 (3d Cir. 2007)]() (quoting [*New Castle County v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 174 F.3d 338, 345 n. 7 (3d Cir. 1999)](); *see also* [*In re Friedman's Inc.*, 738 F.3d 547, 552 (3d Cir. 2013)]().

official under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq. Koslow* was an important ADA decision made after the Supreme Court's holding in *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001). In *Garrett*, the Supreme Court held that Congress did not have the power to abrogate state sovereign immunity in implementing Title I of the ADA; thus, a plaintiff cannot sue a state under Title I of the ADA to enforce its provisions. 531 U.S. at 374. In *Koslow*, the Third Circuit made an analogy to Title VII to ultimately find that claims for purely injunctive relief against state officials in the ADA context could proceed under the legal fiction provided in *Ex parte Young*, 209 U.S. 123, 159–60 (1908). 302 F.3d at 177–79.

The fleeting reference to *In re Montgomery* as dicta in *Koslow* is not enough to bind this court to the proposition stated therein and confuses the issue of qualified immunity with the issue presented here. *See also Galm*, 2007 WL 2442343, at *5 (reaching the same conclusion). Title VII and Title I of the ADA are dissimilar in that the Supreme Court has explicitly found that Title VII coverage extends to the states. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 453 n. 9 (1976). Thus, the legal fiction of *Ex parte Young* in unnecessary in the Title VII context as employees may bring claims directly against state employers, making suit against the supervisor duplicative.

Finding the dicta provided in *In re Montgomery* and *Koslow* to be non-controlling, the court is persuaded by the line of reasoning provided by courts in this circuit holding that suit against an employer and against the supervisor in their official capacity is duplicative and redundant. *Rich v. New Jersey*, Civ. Action No. 14–2075 (FLW) (DEA), 2015 WL 2226029, at \*10 (D.N.J. May 12, 2015) (dismissing the plaintiffs' complaint against individual supervisors in their official capacities as "redundant"); *Simon v. Shore Cab, LLC*, Civ. Action No. 13–6290, 2014 WL 2777103, at \*5 (D.N.J. June 19, 2014) (relying on the consistent reasoning provided by several opinions in the District of New Jersey to dismiss an official capacity Title VII claim); *Stallone v. Camden County Technical Sch. Bd. of Educ.*, Civil No. 12–7356 (RBK/JS), 2013 WL 5178728, \*5–7 (D.N.J. Sept. 13, 2013) (explicitly rejecting the finding in *Verde v. City of Philadelphia* and finding an official capacity suit redundant in the Title VII context); *Young v. Bethlehem Area Vo-Tech Sch.*, Civ. Action No. 06–CV–2285, 2007 WL 674617, at \*3 (E.D. Pa. Feb. 28, 2007) (describing Title VII official capacity claims as "needlessly duplicative"); *Foxworth v. Pa. State Police*, Civ. 03–6795, 2005 WL 840374, at \*4 (E.D. Pa. Apr. 11, 2005) ("Because the only proper employer in a Title VII case is the 'employer,' pursuing such claims against individuals in their official capacities would be redundant."), *aff'd*, 228 F. App'x 151 (3d Cir. 2007).

19

Official capacity suits are redundant and duplicative of the claims against the employer. Such suits no longer comport with the clear direction provided by the Third Circuit's holding in *Sheridan* disallowing claims against individual defendants. To allow an official capacity suit where the employer is named as a defendant would, ultimately, be a way around the guidance in *Sheridan*. This reasoning also aligns with the Supreme Court's consistent direction to construe the "agent" provision in the definition of employer as a way to determine the liability of the employer using agency principles, not as a way to hold individual supervisors liable. *See Suders*, 542 U.S. at 144. There is also no reason to allow such a suit against a state entity given the absence of sovereign immunity in the Title VII context. Thus, the issue of sovereign immunity should not be confused with the issues presented here. Consequently, the plaintiff's objection that she is suing Rushton and Beers in their official capacity is of no consequence to Judge Saporito's ultimate conclusion that those claims should be dismissed.

The court also sees no reason to make a different finding as it relates to the plaintiff's PHRA claim. The PHRA claim and Title VII are analogous and are, typically, construed together. *See Jones*, 796 F.3d at 327. Just like in the Title VII context, it would be redundant to allow suit under the PHRA against supervisory employees in their official capacity in addition to the suit against

the employer directly.[12] Thus, the court adopts the recommendation of Judge

Saporito in full and the claims against Rushton and Beers in their official

capacity are dismissed with prejudice.[13]

### D.    The Plaintiff's Compliance with Pleading Instructions

---

[12] Claims against individuals can be maintained under the PHRA under Section 955(e), but the plaintiff has not alleged any such claims. Section 955(e) of the PHRA provides that the following is unlawful:

> For any person, employer, employment agency, labor organization or employe, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.

43 Pa. Stat. §955(e). Thus, an aiding and abetting claim against an individual employee is viable under the PHRA. *See Dici v. Commonwealth of Pa.*, 91 F.3d 542, 552 (3d Cir. 1996); *Sampson v. Methacton Sch. Dist.*, 88 F. Supp. 422, 446 (E.D. Pa. 2015); *Nolan v. Duffy*, 542 F. Supp. 2d 429, 432 (E.D. Pa. 2008).

The plaintiff has indicated on several occasions that her suit is brought against Rushton and Beers in their official and not individual capacity, (*See* Doc. 30, at ¶3; Doc. 36, at 16; Doc. 38). This is the entire premise of the plaintiff's objections. Thus, even under the most liberal reading of the plaintiff's second amended complaint this court cannot construe the plaintiff's claims to include valid Section 955 claims against Beers and Rushton individually.

[13] Judge Saporito also determined that any amendment as it related to claims against Rushton and Beers would be futile. The court agrees.

Judge Saporito also concluded that the plaintiff's second amended complaint fulfilled the requirements of the Federal Rules of Civil Procedure, therein fulfilling the requirements of this court's October 13, 2015 Order giving detailed instructions to the plaintiff for amending her complaint. The court agrees with Judge Saporito's conclusion. The second amended complaint remains inartfully drafted, but it is construed liberally to ensure that the plaintiff does not inadvertently forfeit her rights. *See Alston*, 363 F.3d at 234; *Higgs,* 655 F.3d at 339. Further, the above construction of the plaintiff's pleading should provide guidance to the parties moving forward. Judge Saporito's recommendation is, therefore, fully adopted and the defendants' motion as it relates to this issue is denied.

## III.    CONCLUSION

After reviewing the plaintiff's second amended complaint, (Doc. 30), the defendants motion to dismiss, (Doc. 32), the report and recommendation of Judge Saporito, (Doc. 37), the plaintiff's objections, (Doc. 38), and the defendants brief in response, (Doc. 41), Judge Saporito's report and recommendation is **ADOPTED IN ITS ENTIRETY**. The defendants motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The court finds futility in allowing the plaintiff to amend her claims against defendants Rushton and Beers in their official capacity. Accordingly, all claims against defendants

Rushton and Beers are **DISMISSED WITH PREJUDICE** and the case is remanded to Judge Saporito for further pre-trial proceedings. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: October 17, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1779-02.wpd